UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Felicia Giordano**

                                Case No. 19-cv-1231-PB

   v.                           Opinion No. 2020 DNH 130

**Public Service Company of New Hampshire**
**d/b/a Eversource Energy**


**MEMORANDUM AND ORDER**

Following the dismissal of her employment discrimination complaint against her former employer, Public Service Company of New Hampshire d/b/a Eversource Energy ("PSNH" or "defendant"), Felicia Giordano filed a motion for leave to amend her complaint (Doc. No. 14) and a motion for reconsideration (Doc. No. 15).[1] After reviewing the proposed amended complaint, I conclude that Giordano has failed to cure the flaws I identified when I granted defendant's earlier motion to dismiss. Because her proposed amended complaint fails to state a claim and is, therefore, futile, I deny both motions with prejudice.

---

[1] Giordano's motion for reconsideration does not attack the legal reasoning of my earlier order and instead asks only that I "amend [my] judgment to reinstate the case to the trial docket" in light of her proposed amended complaint. Pl.'s Mot. for Recons. of Order on Defs.' [sic] Mot. to Dismiss and/or to Alter or Amend J. ("Mot. for Recons."), Doc. No. 15 at 2.

# I. STANDARD OF REVIEW

## A. Motion for Leave to Amend

"[L]eave to amend should be 'freely give[n]' in circumstances in which 'justice so requires.'" Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). I may deny leave to amend, however, "when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" Id. (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). Thus, when "reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Id. "[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009) (quoting Bos. & Me. Corp. v. Hampton, 987 F.2d 855, 868 (1st Cir. 1993)).

## B. Motion for Reconsideration

Reconsideration is "an extraordinary remedy" that "should be used sparingly." Palmer, 465 F.3d at 30 (internal quotation

2

marks omitted) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). It is, therefore, "appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)).

## II.  BACKGROUND

Giordano's initial complaint alleged age, sex, disability, and intersectional discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. Her allegations of discrimination centered around the way PSNH treated her when it sold three of its power generation stations to Granite Shore Power ("GSP"). The allegations in that complaint and the relevant law are adequately summarized in my earlier order granting defendant's motion to dismiss, Mem. & Order, Doc. No. 13 at 3-15 (granting motion to dismiss), and need not be repeated here.

I dismissed Giordano's complaint because the three employment discrimination statutes under which she brought her claim require a plaintiff to plead an adverse employment action, which Giordano failed to do. Doc. No. 13 at 7-13. Although she alluded in a conclusory way to claims of termination, failure to transfer, failure to recommend, and demotion, she did not allege sufficient facts to support any of those claims. Doc. No. 13 at 7-13. Additionally, I dismissed her Title VII claim on the alternative ground that she failed to allege facts supporting an inference of any sex-based discriminatory motive. Doc. No. 13 at 13-14. Finally, I dismissed her intersectional discrimination claim because she failed to identify adequate legal support for such a claim. Doc. No. 13 at 14-15.

Giordano now seeks leave to amend her complaint, Pl's Mot. for Leave to File Am. Compl. ("Mot. to Amend"), Doc. No. 14, and asks me to reconsider my judgment to the extent necessary to permit her complaint, as amended, to proceed, Mot. for Recons., Doc. No. 15.

### III. <u>ANALYSIS</u>

Giordano's proposed amended complaint is largely a copied-and-pasted reproduction of her first complaint, minus any independent count of intersectional discrimination. First Am. Compl., Ex. 1 to Mot. to Amend, Doc. No. 14-1. To this, she adds

4

a litany of new allegations, the majority of which are completely irrelevant to — and do nothing to resuscitate — her claims.

Additionally, many of her new allegations are purely conclusory and unsupported by specific factual allegations. I include in this category Giordano's new "failure to rehire" theory of liability, based on three instances she identifies in August 2018, November 2018, and April 2019, when she applied for other positions with PSNH but was not rehired. Doc. No. 14-1 at 13 ¶¶ 29B i-iii. In support of this new theory, Giordano alleges not a single fact from which it is possible to infer a discriminatory motive in failing to rehire her.[2] See Ruiz v.

---

[2] I note that, even if I did not disregard Giordano's failure to rehire claim because it lacks the support of any factual allegations, I would still need to dismiss it for a failure to exhaust administrative remedies. Giordano filed her pro se charge of discrimination with the New Hampshire Commission for Human Rights and Equal Employment Opportunity Commission on September 20, 2018. Charge of Discrim., Ex. 1 to Def.'s Mot. to Dismiss, Doc. No. 6-2 at 1. In it, she swore that the latest date upon which any alleged discrimination took place was January 9, 2018. Doc. No. 6-2 at 1. There is no plausible way to read Giordano's charge to include an incident that occurred in August 2018 (more than seven months after the date she identified as the latest date discrimination occurred) let alone incidents that occurred in November 2018 and April 2019 (months after she filed the charge). See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (stating that the purpose of the exhaustion requirement "would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action").

Posadas de San Juan Assocs., 124 F.3d 243, 251 (1st Cir. 1997) ("[T]he mere fact [that an ADEA plaintiff] was not rehired does not itself afford a basis for inferring age discrimination.") (citing Udo v. Tomes, 54 F.3d 9, 14 (1st Cir. 1995) (reaching the same conclusion in a case where plaintiff also alleged discrimination under Title VII)).

Similarly, although Giordano's initial attempt to plead a "demotion in duties" claim failed because "[h]er complaint reference[d] only one specific instance in which [a reassignment of tasks] occurred," Doc. No. 13 at 12, her proposed amended complaint reasserts the "demotion in duties" claim, yet fails to identify with any degree of specificity a single additional task allegedly reassigned to another employee, see Doc. No. 14-1 at 4-5 ¶¶ 11-11B.

Stripping the irrelevant and conclusory statements from her amended complaint, I am left only to address a single new allegation, not present in her initial complaint. Specifically, Giordano alleges that

> [i]n reality, Defendant decided who was to go and who was to become employed by GSP. . . . [T]here were numerous meetings held in the fall of 2017, prior to notifications of who would be let go, whereby employees were introduced to, and allowed ample time to meet with, GSP personnel. Plaintiff was not allowed to meet with GSP.

Doc. No. 14-1 at 9 ¶ 17B.

Giordano's new allegation does not fit neatly into any of the typical categories of adverse employment action. It is clearly not a termination, a failure to transfer, or a failure to recommend.[3] At best, it could perhaps constitute an action that "materially change[s] the conditions of plaintiff['s] employ." Gu v. Bos. Police Dep't, 312 F.3d 6, 14 (1st Cir. 2002). As I cautioned Giordano previously, however, "the mere fact that [she] is displeased by [PSNH]'s act or omission does not elevate that act or omission to the level of a materially adverse employment action." Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996).

Giordano's new allegation suffers from the same lack of factual support that I warned her against generally in my previous order. See Doc. No. 13 at 12. Giordano does not allege that she ever requested meetings with GSP[4] or that PSNH denied any alleged requests. Her amended complaint neither contains a

---

[3] As I explained in my earlier order, it remains an open question whether a failure to recommend is even a viable theory of liability outside of the retaliation context. Doc. No. 13 at 10.

[4] To the extent Giordano argues that an opportunity to meet with GSP officials, like a transfer to GSP, was "presumed to be desired," Doc. No. 14 at 3 ¶ 9, her argument is unavailing. Giordano identifies no legal support for the proposition that a defendant's failure to proactively offer meetings with a prospective employer constitutes an adverse employment action, especially where plaintiff never sought the meetings in question.

hint as to the nature of these "numerous meetings," nor identifies any employee granted such a meeting, nor alleges any facts suggesting a connection between these meetings and other employees' employment outcomes with GSP. In short, even with the benefit of my earlier guidance, Giordano has still failed to plead any adverse employment action.

Giordano's proposed amended complaint thus fails to state a claim upon which relief can be granted and is, therefore, futile. See Abraham, 553 F.3d at 117. Furthermore, because the proposed amended complaint is the sole basis for Giordano's motion for reconsideration, none of the possible circumstances apply under which reconsideration is appropriate, see Allen, 573 F.3d at 53 (allowing reconsideration only "if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."), and so that motion fails as well.

### IV.   CONCLUSION

For the foregoing reasons, Giordano's motion for reconsideration (Doc. No. 15) and motion for leave to file an amended complaint (Doc. No. 14) are denied with prejudice. The

clerk of the court is directed to enter judgment in accordance with this order and close the case.

    SO ORDERED.

                                        <u>/s/ Paul Barbadoro</u>
                                        Paul J. Barbadoro
                                        United States District Judge

July 22, 2020

cc:   Leslie H. Johnson, Esq.
      William D. Pandolph, Esq.